Strafford, }
Dec., 1899. }

## FERNALD *v.* DOVER.

The city solicitor of Dover is entitled to such compensation only as has been prescribed by the city council.

ASSUMPSIT, to recover the plaintiff's salary as city solicitor for the year 1897. Trial by the court. Prior to January 6, 1897, the salary of the city solicitor was by ordinance a fixed sum of money, and, in addition thereto, he was accustomed to receive fees as a justice of the peace for all complaints and warrants issued by him returnable before the police court of the city of Dover, upon which the respondent was convicted and paid the costs adjudged against him. January 6, 1897, the city council passed the following ordinance : "Be it ordained by the city council of the city of Dover, that the Revised Ordinances of the city of Dover be so far amended as to fix the salary of the city solicitor at $100 per year and fees." The plaintiff has already received the statutory fee of $1.50 for every complaint and warrant drawn by him, returnable before the police court of Dover, where costs have been collected by the city, and brings this action to recover in addition thereto all taxable costs, including complaint, warrant, entry, examination, mittimus, and copies, in every case returnable before the police court of Dover in which he drew the complaint and warrant during the year 1897, amounting to about $1,650. On these facts the court held that the plaintiff could not maintain this action, and the plaintiff excepted.

*Frank F. Fernald, pro se; John H. Albin* with him.

*Walter W. Scott, William F. Nason,* and *Dwight Hall,* for the defendants.

PARSONS, J. The office of city solicitor is not recognized by the statutes. Hence there are no fees by law appertaining thereto. The existence of the office in any city and the emolument attached depend upon special provisions in the particular charter, or upon action by the city councils under power conferred by the charter, or by section 2, chapter 50, of the Public Statutes. We have found no reference to the office of city solicitor in the original act incorporating the city of Dover (Laws 1855, *c.* 1699), or in the numerous amendments thereof. By section 20 of the original act, the city council have power "to provide for the appointments of all necessary officers not otherwise provided for, and prescribe their duties." By section 17, clause 18, they are

authorized to "prescribe the salary and fees of all city officers not otherwise provided for by law." It appears that the city council have by ordinance prescribed the duties of the city solicitor and fixed his salary at one hundred dollars and fees. As no fees appertain to the office by statute, the plaintiff can recover fees for such services only as the city council have prescribed fees should be paid, and in such sums as they have determined appropriate. The ordinances have been made a part of the case, and from them it appears that it is the duty of the city solicitor to commence and prosecute before the police court any suit or complaint requested by the mayor, city marshal, or assistant marshal, for the violation of any ordinance of the city or law of the state. Ordinances, Dover, *c.* VI, *s.* 2. Prior to the amendment of January 6, 1897, the ordinances provided: "The city solicitor shall receive for his services, and for all duties connected with his office, three hundred dollars per year." *Ib., c.* XV, *s.* 6. A careful examination of the printed volume of ordinances furnished us fails to disclose any fees prescribed for any services to be performed by the solicitor in connection with his office. Under the amended ordinance, the only remuneration of the office that has been fixed is the salary of one hundred dollars. If it was understood that fees had been or would be affixed to certain duties which the solicitor might perform, and for which he would receive emolument by way of fees in addition to such salary as was voted, the failure to prescribe such fees leaves it impossible to determine for what services and in what sums fees were intended to be paid. The solicitor can recover only the sum actually prescribed by the city council. Their failure to act further upon the subject gives him no right of action for special payment for the performance of a particular portion of the duties of the office. The plaintiff, having accepted the office, is entitled to such compensation only as has been legally established.

Whether the practice prior to the ordinance of January 6, 1897, by which the solicitor received from the city the police court fees for complaints and warrants drawn by him which were paid into the city treasury, is competent and sufficient evidence to establish that by the word "fees" in the ordinance such sums were intended, is not in question, for that view has been assented to by the city, and the sums so received have been paid to the plaintiff. There is no other evidence of what was intended by the word "fees." This evidence, if competent, has no tendency to establish that the word "fees" included sums not paid into the city, or statutory fees accruing to the police court for services rendered by the justice of the court. The statutory fee for complaint, warrant, entry, examination, mittimus, and copies are allowed to the

justice of the police court issuing the process, or before whom the entry or examination is had. P. S., c. 287, s. 2. Such fees received by the justice of the police court of Dover are the property of the city, and the justice is required to pay the sums so received to the city. Laws 1860, c. 2379, s. 5. It is not found that the city has disposed of them by awarding them to the plaintiff.

*Exception overruled.*

PIKE and YOUNG, JJ., did not sit: the others concurred.